ESLIE M. CASTLE, ET AL., BOARD OF EDUCATION, ET AL.

*v.*

STATE OF ILLINOIS.

*Opinion filed March 8, 1923.*

NON-LIABILITY OF STATE—*when State is not liable.* The State is not liable for a tort committed by an inmate of its institutions.

SOCIAL JUSTICE AND EQUITY RULE—*when not followed.* In calling into being the rules of equity and social justice the Court at least should know that the State is actually responsible either by its officers, agents, employees or charges.

Edward J. Brundage, Attorney General, for State.

This is a claim filed by the Board of Education of School District No. 98 of Madison County, Illinois, against the State of Illinois, by reason of a school building being destroyed by fire on or about June 19th, 1922. It was alleged that the circumstances attending the same would show that certain inmates of the Alton State Hospital at Alton, were responsible for said fire. The Attorney General in behalf of the State, demurred to this claim and it is the opinion of the Court that there is no legal liability on the part of the State upon a claim of this character, and the Court in further considering the matter, finds that there is no evidence upon which a Court could base a judgment. It would hardly be good logic in law of equity to rule a liability upon any person, municipality or State where there would be no specific evidence or other satisfactory evidence upon which a Court could concluded that the inmates of this institution started the fire in question. In the calling into being the rules of equity and social justice the Court at least should know that the State is actually responsible either by its officers, agents, employees or charges.

It is therefore the opinion of this Court that there is no legal liability and that there is no evidence before the Court wherein the Court would recommend allowance against the State of Illinois. Therefore no allowance is recommended and the demurrer of the State is hereby sustained.